## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LYNN MICHAEL LAVICTOR**, | |
| Plaintiff, | |
| v. | |
| **DONALD J. TRUMP**, *et al.*, | Case No. 1:19-cv-01900 (TNM) |
| Defendants. | |

## <u>MEMORANDUM OPINION</u>

Lynn Michael LaVictor, proceeding *pro se*, brings claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against various federal officials.  The Government has moved to dismiss and for summary judgment.  It contends that LaVictor's action is not viable because (1) federal officials are improper defendants in a FOIA case; (2) he has submitted no FOIA request to three of the four agencies that his Complaint references; and (3) for the fourth agency, he sent a FOIA request but then never filed an administrative appeal.  The Court agrees with the Government on all fronts and so will grant its motion.

## I.

Five years ago, LaVictor was convicted and sentenced to 355 months in prison for sexual abuse and assault offenses.  *United States v. LaVictor*, 848 F.3d 428, 439–40 (6th Cir. 2017).  In the years since, he has repeatedly challenged his convictions.  *See id*. at 436; Pet. for Writ of Habeas Corpus, *LaVictor v. Barr*, 1:19-cv-3657 (RC) (D.D.C. Dec. 4, 2019), ECF No. 1; Opinion, *LaVictor v. Davis*, 2:19-cv-148 (PLM) (W.D. Mich. Oct. 8, 2019), ECF No. 7.  He is currently incarcerated at the Federal Correctional Institution in Allenwood, Pennsylvania.  Christenson Decl. ¶ 3, ECF No. 14-3.

In this FOIA action, LaVictor seeks records from his criminal case, such as indictments and grand jury transcripts.  Compl. ¶ 7, ECF No. 1.  As he sees it, if the Government refuses to disclose these documents, this would mean none exist, showing that his prosecution was a sham.  *See id*. ¶¶ 8–22.  If any records do exist, he expects to prove that they were "forged or fabricated."  *See id*. ¶¶ 9, 19.

LaVictor mentions "efforts to utilize" FOIA, but he provides no details about any FOIA requests, such as when he sent them or who the recipients were.  *See id*. ¶ 7.  As defendants, he names President Trump, Attorney General Barr, and officials at four components of the DOJ: the Executive Office for United States Attorneys ("EOUSA"), the Office of Information Policy ("OIP"), the U.S. Marshals Service ("USMS"), and the Bureau of Prisons ("BOP").  *Id.* at 1.[1]

In response to LaVictor's Complaint, the Government moved to dismiss and for summary judgment.  Defs.' Mot. at 1, ECF No. 14.  It is ripe for disposition.

## II.

The Government moves to dismiss under Federal Rule of Civil Procedure 12(b)(6).  To survive this motion, a complaint must "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The Court may consider only "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [it] may take judicial notice."  *Hurd v. District of Columbia*, 864 F.3d 671, 678 (D.C. Cir. 2017).  It must "treat the complaint's factual allegations as true and must grant the plaintiff[] the benefit of all inferences that can be derived from the facts alleged."  *L. Xia v. Tillerson*, 865 F.3d 643, 649 (D.C. Cir.

---

[1]  All page citations refer to the page numbers that the CM/ECF system generates.

2017).  But the Court need not credit legal conclusions couched as factual allegations.  *Iqbal*, 556 U.S. at 678.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The movant has the initial burden of proving the lack of a genuine dispute.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has met this burden, the nonmovant must then designate "specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  He "may not rest upon mere allegations or denials of his pleading."  *Id.*  The Court must view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in his favor.  *Grosdidier v. Broad. Bd. of Governors*, 709 F.3d 19, 23–24 (D.C. Cir. 2013).

The Court is mindful that LaVictor is proceeding without counsel.  "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up).  The Court must also consider a *pro se* complaint "in light of all filings, including filings responsive to a motion to dismiss."  *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (cleaned up).  But "even a pro se plaintiff must comply with the Federal Rules of Civil Procedure and this Court's local rules, including the Court's rules regarding responding to statements of material fact and marshalling record evidence."  *Hedrick v. FBI*, 216 F. Supp. 3d 84, 93 (D.D.C. 2016); *see Neal v. Kelly*, 963 F.2d 453, 456–57 (D.C. Cir. 1992).

## III.

The only proper defendant in a FOIA case is a federal agency.  *See* 5 U.S.C.

§ 552(a)(4)(B) ("[T]he district court . . . has jurisdiction to enjoin the *agency* from withholding

agency records[.]" (emphasis added)); *Whittle v. Moschella*, 756 F. Supp. 589, 596 (D.D.C.

1991) ("The jurisdiction of this Court to enforce FOIA is limited to enjoining agency

noncompliance, § 552(a)(4)(B), and consequently no FOIA claim may be asserted against

individual federal officials.").  The Complaint lists no agencies as defendants; it names only the

President, the Attorney General, and officials at four DOJ component agencies.  Compl. at 1.  So

the Court will dismiss these officials as defendants and will construe the Complaint as a FOIA

action against the four DOJ component agencies.[2]

The Government is entitled to judgment as a matter of law on LaVictor's FOIA claims.

LaVictor has not submitted a FOIA request to three of the agencies.  For the fourth one, he sent a

request four years ago but then never filed an administrative appeal after the agency responded.

A FOIA claim fails if the plaintiff never sent a FOIA request to the agency.  This follows

from the plain language of the statute.  The agency's obligation to produce records arises only

"upon a[] request for records."  5 U.S.C. § 552(a)(3)(A), (6)(A).  So if there has been no request,

the agency has not "improperly withheld" any records.  *Id.* § 552(a)(4)(B).  Thus, "[i]n the

absence of any evidence that plaintiff submitted a proper FOIA request to which [the agency]

would have been obligated to respond," the agency "is entitled to judgment as a matter of law."

*Thomas v. FCC*, 534 F. Supp. 2d 144, 146 (D.D.C. 2008).

---

[2]  The Government asks the Court to dismiss the FOIA claims against the agencies, arguing that
the Complaint "hardly even includes the 'threadbare recitals of the elements of a cause of action'
that the Supreme Court has rejected."  Defs.' Mem. in Supp. of Mot. at 9, ECF No. 14-1 (quoting
*Iqbal*, 556 U.S. at 678).  Considering the liberal standards that apply to *pro se* pleadings, *see*
*Erickson*, 551 U.S. at 94, the Court will not dismiss LaVictor's Complaint on this basis.

The Government has produced evidence showing that LaVictor never sent a FOIA request to EOUSA, OIP, or USMS.  EOUSA has a database for FOIA requests called "FOIAOnline."  Kornmeier Decl. ¶ 8, ECF No. 14-4.  All requests "are logged into a correspondence log book [and] entered into [FOIAOnline]."  *Id.* ¶ 11.  FOIAOnline maintains information such as "the name of the requester, subject of the request and the date the request was received."  *Id.* ¶ 8.  The agency queried this database using LaVictor's name, but the search generated no results.  *Id.* ¶ 12.  It also reviewed the "correspondence log book" for "requests mailed and received by EOUSA in 2019," but that too yielded no results for LaVictor.  *Id.* ¶ 13.

OIP's FOIA staff "is responsible for processing FOIA requests seeking records from within OIP and from six senior leadership officers of the DOJ," including the Attorney General's Office.  Brinkmann Decl. ¶ 1, ECF No. 14-6.  OIP "logs all FOIA requests it receives into OIP's electronic tracking system."  *Id.* ¶ 2.  It searched this tracking system for LaVictor's FOIA request, "first searching [his] full name . . . and then separately running a search of only [his] last name."  *Id.*  "This search yielded no results related to [LaVictor]."  *Id.*  OIP then "took the additional step of searching the email inboxes set up to receive FOIA requests."  *Id.* ¶ 3.  It again searched using LaVictor's full name and then his last name only, but this produced no results. *Id.*

As for USMS, incoming FOIA requests "are logged into the agency's FOIA access database."  Luckstone Decl. ¶ 6, ECF No. 14-5.  The database "logs the date the FOIA request was received, who submitted the request, what specifically the requestor asked for, and the FOIA specialist . . . who is assigned to process [it]."  *Id.*  USMS searched its database using LaVictor's name, but "did not locate" any requests from him.  *Id.* ¶ 13.  It also searched an "electronic

shared drive which contains files for each completed FOIA request," but this too yielded no results for LaVictor. *Id.*

LaVictor presents no materials contradicting this evidence. *See generally* Pl.'s Opp'n, ECF No. 16. The exhibits to his opposition brief concern FOIA requests that *other* inmates at FCI Allenwood made to a *different* agency, U.S. Citizenship and Immigration Services ("USCIS"). *See* Pl.'s Opp'n Exs., ECF No. 16-1. So the Court finds that LaVictor never sent a FOIA request to the EOUSA, OIP, or USMS, which requires judgment for the Government on his FOIA claims against these agencies. *See* 5 U.S.C. § 552(a)(3)(A), (4)(B), (6)(A); *Thomas*, 534 F. Supp. 2d at 146.

It's a slightly different story with the fourth agency—BOP—but the result is the same. When the BOP searched its FOIA database, it found one request from LaVictor, "received in the Central Office of the BOP on August 17, 2016." Christenson Decl. ¶ 11. His request asked for "all information pertaining to" his criminal case, including "all of the officers [sic] notes and the criminal discovery filed under my name, social security number or any other identifier." *Id.* Ex. C. The BOP sent LaVictor a letter acknowledging receipt of his request. *Id.* ¶ 13.

After searching LaVictor's "central file," the location "most reasonably expected to contain documents related to an inmate's conviction," the BOP found 36 pages of responsive records. *Id.* ¶ 14. But it withheld all 36 pages in full under FOIA Exemptions 6, 7(C), 7(E), and 7(F). *Id.* ¶ 15. The BOP sent LaVictor a letter notifying him of its decision on September 26, 2016. *Id.*

The letter informed LaVictor that he could appeal to the OIP within 90 days if he was dissatisfied with the BOP's decision. *Id.* Ex. E; *see* 28 C.F.R. §§ 16.8, 513.66. But the OIP has no record of LaVictor ever having appealed. Christenson Decl. ¶ 17. And LaVictor offers no

evidence to the contrary.  *See generally* Pl.'s Opp'n.  So the Court finds that LaVictor never filed an administrative appeal for the one FOIA request he submitted.

LaVictor thus failed to exhaust his administrative remedies.  "Exhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision."  *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990).  For FOIA, the administrative appeal is part of this exhaustion requirement.  *Id.* at 61–62. Specifically, if an agency responds to a FOIA request before the requester sues, as here, exhaustion requires him to complete the administrative appeal process.  *Id.* at 63–65.

To be sure, "failure to exhaust" under FOIA "is by no means an automatic bar to judicial review."  *Id.* at 61.  The key question is whether "the purposes of exhaustion" support a bar on judicial review.  *Hidalgo v. FBI*, 344 F.3d 1256, 1258–59 (D.C. Cir. 2003).

LaVictor offers no persuasive reason why the Court should excuse his failure to exhaust. *See* Pl.'s Opp'n ¶¶ 16–31, 36.  He suggests that the Court should proceed to the merits because the Government is unlawfully withholding records.  *See id.* ¶¶ 17, 25–26, 36.  But if that were reason enough, the Court would have to excuse exhaustion in all FOIA actions, since all FOIA plaintiffs allege that an agency is unlawfully withholding records.

More, "the purposes of exhaustion" include avoiding premature interference in agency processes and allowing agencies to correct their mistakes.  *See Hidalgo*, 344 F.3d at 1259–60. Proceeding to the merits here would undermine these purposes, since LaVictor did not engage in the administrative appeal process at all.  *See Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) (excusing exhaustion for a FOIA plaintiff who pursued the administrative appeal process to its end, "albeit four years late," as distinguished from a plaintiff who "bypass[es] the administrative

review process" altogether).  So the Government is entitled to summary judgment on LaVictor's

FOIA claim against the BOP based on his failure to exhaust administrative remedies.  *See*

*Hidalgo*, 344 F.3d at 1260.

On a final note, LaVictor's opposition brief suggests that this case has nothing to do with

any of the agencies he references in his Complaint.  *See* Pl.'s Opp'n ¶ 45.  The brief instead

focuses on a FOIA request he allegedly submitted to a non-party—the USCIS.  *See id*. ¶¶ 1–3,

19, 40–43.  But LaVictor nowhere mentions this request or the USCIS in his Complaint.  *See*

*generally* Compl.  "[I]t is axiomatic that a complaint may not be amended by the briefs in

opposition to a motion to dismiss."  *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992,

995 (8th Cir. 1989).  This well-settled rule also applies to *pro se* plaintiffs.  *See, e.g.*, *Manna v.*

*DOJ*, 106 F. Supp. 3d 16, 17, 19–20 (D.D.C. 2015).

## IV.

For these reasons, the Court will grant the Government's motion to dismiss and for

summary judgment.  President Trump, Attorney General Barr, and the other individual officials

that LaVictor names in his Complaint will be dismissed as defendants.  Summary judgment will

be entered for the Government on LaVictor's claims against the defendant-agencies—the

EOUSA, OIP, USMS, and BOP.  A separate Order will issue.


Dated: May 18, 2020                                   TREVOR N. McFADDEN, U.S.D.J.